# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

OTHA LEE BENSON, JR.  PETITIONER
ADC #101648,

v.  5:14CV00050-KGB-JJV

RAY HOBBS, Director,
Arkansas Department of Correction  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

**I.     BACKGROUND**

On June 3, 2003, the Petitioner, Otha Lee Benson, Jr. was convicted of rape by a Bradley County jury. (Doc. No. 9 at 1.) The circuit court sentenced him to life imprisonment. (*Id.*) Mr. Benson appealed his conviction, "challenging the sufficiency of the evidence, and contending the prejudicial effect of his prior convictions outweighed their probative value." *Benson v. State*, 357 Ark. 43, 160 S.W.3d 341 (2004).

On April 22, 2004, the Supreme Court of Arkansas affirmed the conviction and, in doing so, summarized Mr. Benson's case as follows:

> On September 2, 2002, the appellant, Otha Lee Benson, called the victim, Ms. McCoy, and asked her to meet him at her house on North Martin Street in Warren, Arkansas. Benson told her that her estranged boyfriend, Freddie Hampton, wanted to talk to her. When she arrived at her house, she found Benson waiting on her porch. He asked for a glass of water, and then he followed her into the house, forced her into the bedroom, and began attacking her. The victim claimed that Benson pinned her down by placing his knee on her chest, pulled her clothes off, and raped her. She testified that she yelled for help, bit Benson's thumb, and told him to get off her.

> Immediately following the attack, Benson headed for the door, and Ms. McCoy followed him outside. She noticed a police officer driving past her house and yelled "help, rape!" Officer Heath Edins of the Warren Police Department stopped and exited his vehicle, approached the victim, and asked what was wrong. The officer testified that the victim had a little bit of blood on her lip and that her lip was swollen. The victim reported that Benson had followed her into her house and raped

her. Officer Edins placed Benson under arrest for rape. The officer noticed that Benson had blood on his shirt. In addition to Benson's shirt, the officer seized his pants and the sheets from the victim's bed as evidence. The officer did not recall seeing any marks on Benson. The victim was taken to the Bradley County Medical Center where she was examined by Dr. Robert A. Floss. The doctor performed a rape exam on her, and he noted that she had no physical injuries.

*Id.*

Mr. Benson never filed a petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. He filed the instant Petition for Writ of Habeas Corpus on February 12, 2014. (Doc. No. 2.) Mr. Benson alleges that his trial counsel was ineffective for (1) failing to object to allegedly false evidence used by the prosecution; (2) failing to conduct a reasonable pre-trial investigation; and (3) denying him his right to testify on his own behalf. (Doc. No. 2.)

For the following reasons, the Court finds Mr. Benson's Petition (Doc. No. 2) should be DISMISSED with prejudice.

## II. ANALYSIS

Respondent argues that Mr. Benson's Petition is barred by the statute of limitations. (Doc. No. 9.) Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

>   Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds the Petition is untimely. The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Benson's convictions became final on April 22, 2004, when the Arkansas Supreme Court affirmed his conviction. *Benson*, 357 Ark. at 45, 160 S.W.3d at 342. One year from that date was April 22, 2005, so Mr. Benson had until then to file his petition. Fed. R. Civ. P. 6(a)(1)(2013). The instant Petition, filed on February 12, 2014, is over eight years late. There is also no indication in the record that Mr. Benson diligently pursued his rights regarding the instant claims or that some extraordinary circumstance prevented timely filing. Therefore, Mr. Benson is not entitled to equitable tolling and this matter should be dismissed as time barred.

Mr. Benson concedes that his deadline to file a timely habeas petition was April 22, 2005, (Doc. No. 11 at 2), but argues he is entitled to equitable tolling because he had no assistance of counsel to prepare or present a Rule 37 petition and because he is uneducated in the law. (Doc. No. 2 at 12.) These claims are without merit. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005). The eight-year delay in filing his federal habeas claim shows Mr. Benson was not pursuing his rights diligently. (Doc. No. 11.) Furthermore, the absence of legal council is simply not an extraordinary

circumstance that would entitle Mr. Benson to equitable tolling.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred and procedurally defaulted. Therefore, no certificate of appealability should be issued.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

2. A certificate of appealability should not be issued.

3. All pending motions be DENIED as moot.

DATED this 30th day of June, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE