IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

OTHA BENSON
ADC # 101648                                                                                    PETITIONER

v.                               Case No. 5:14-cv-00050 KGB/JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                RESPONDENT

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 19) and Petitioner Otha Benson's objections (Dkt. No. 19).  After carefully considering the objections and making a *de novo* review of the record in this case, the Court approves and adopts in their entirety the Proposed Findings and Recommended Disposition as this Court's findings in all respects.

The Court writes separately to address Mr. Benson's argument that the United States Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), require an equitable tolling of the statute of limitations for Mr. Benson to file a petition for writ of *habeas corpus* under 28 U.S.C. § 2254.  The Court rejects Mr. Benson's argument.  Nothing in the holdings in either case provides a basis for excusing a prisoner's compliance with the one-year statute of limitations for filing a § 2254 habeas action in federal court. *See Arthur v. Thomas*, 739 F.3d 611, 628–31 (11th Cir.2014) (holding that "the reasoning of the Martinez rule does not apply to ... [the one-year] limitations period in § 2254 cases or any potential tolling of that period"), *cert. denied*, 135 S. Ct. 106 (2014);  *see also Woodruff v. Hobbs*, No. 5:13-CV-00317-KGB, 2014 WL 7399197, at *4 (E.D. Ark. Aug. 22, 2014) *reconsideration denied*, No. 5:13-CV-00317-KGB, 2014 WL 7399200 (E.D. Ark. Dec. 10,

2014).

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Benson has made a substantial showing of a denial of a constitutional right. Thus, the Court declines to issue a certificate of appealability.

Accordingly, the Court dismisses with prejudice Mr. Benson's petition (Dkt. No. 2). The Court denies the requested relief and denies as moot any pending motions.

SO ORDERED this 31st day of March, 2015.

_____
Kristine G. Baker
United States District Judge